MEAD, J.,
with whom ALEXANDER, J., joins, dissenting.
[¶ 15] I respectfully dissent. I do not disagree with the Court’s recitation of facts or the standards to be applied when reviewing an insurer’s duty to defend. I do, however, depart from the Court’s conclusion that the policy contains an ambiguity regarding specific exceptions 6, 7, and 15 that requires us to construe those provisions as not creating an exception to Commonwealth’s duty to defend claims asserted in the Sahin complaint.[6]
[¶ 16] The Court’s analysis is founded upon the undisputed fact that the documents incorporated into the exclusionary language of the policy include references to the creation of a view easement and the dissolution of that very same easement. There is nothing uncertain or ambiguous about the fact that a deed (the Sholik deed) created a valid view easement and that an agreement (the 1998 Easement Agreement) later released it. These facts are patently apparent in the documents that constitute Cox’s chain of title and those documents are incorporated into the exclusions and exceptions of the insurance policy.
[¶ 17] Specific exceptions 6, 7, and 15 all refer directly or indirectly to the Con *1285 dominium Declaration. The parties agree that the Condominium Declaration explicitly refers to the view easement and the Sholik deed. Consequently, these exceptions each provide a separate basis for Commonwealth to decline to defend the claims involving the view easement as alleged in the Sahin complaint.
[¶ 18] That the view easement was later released is of no consequence. Indeed, this circumstance may serve to amplify concerns that litigation could spring from the creation and apparent dissolution of the easement. On these facts a carrier may, and in this case did, elect not to provide coverage for later claims contesting the validity of the creation or termination of the easement. Although the references by incorporation may be cumbersome, they are not ambiguous. Commonwealth has no duty to defend claims asserting the existence or non-existence of the view easement. 8(a) provides no basis for Commonwealth to decline to defend. Unlike the analysis for specific exceptions 6, 7, and 15, the release of the view easement by the 1998 Easement Agreement clearly bears upon the issue of whether Cox “created, suffered, assumed or agreed to” the view easement. The inclusion of the 1998 Easement Agreement within the documents incorporated by reference effectively rebuts any claim by the insurer that Cox intended to suffer, assume, or agree to the view easement. Thus I do not accept Commonwealth’s argument that standard exclusion 3(a) would provide an independent basis to decline to defend. However, because specific exceptions 6, 7, and 15 do provide a basis to decline to defend, I would affirm the decision of the trial court.
[¶ 19] I do agree and concur with the Court’s conclusion that standard exclusion

. The majority opinion states: "The policy ... is ambiguous regarding coverage of claims involving the view easement. Construing the ambiguous policy language in favor of the policyholder ... the policy does not exclude coverage for claims involving a view easement that does not exist.” Majority Opinion ¶ 13.